IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVAN LAW GROUP LLC, an Illinois Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN TAYLOR, an individual, JONATHAN BLANCHARD, an individual, BLANCHARD & ASSOCIATES, an Illinois Company, and CHIKIU "CHARLES" CHAN, an individual,<br><br>    Defendants. | Case No. 09-CV-04896<br><br>Hon. William T. Hart (assigned)<br><br>Hon. Arlander Keys (referred) |

## MOTION TO PLACE DOCUMENTS UNDER SEAL

NOW COMES Plaintiff Evan Law Group LLC ("ELG"), by and through its lawyers, Melanie Jo Triebel and Rebecca M. Reyes, and moves this Court to permit the filing of certain documents under seal, namely: 1) Plaintiff's Second Amended Responses to Defendant Jonathan Taylor's ("Taylor") Interrogatories; 2) Plaintiff's Third Amended Responses to Defendant Taylor's Interrogatories; 3) Plaintiff's Fourth Amended Responses to Defendant Taylor's Interrogatories; 4) Exhibits A-D to Plaintiff's Fourth Amended Responses to Defendant Taylor's Interrogatories; 5) the Declaration of Edward Wassman dated July 29, 2010. ELG further moves this Court to direct the Clerk to place the previously-filed copies of these documents under seal. In support of this Motion, Evan Law Group states as follows:

### The Documents at Issue Contain Confidential Information

The documents listed above each contain sensitive confidential information concerning ELG's services to its clients, the revenue derived from those services, and the computer systems which make those services possible. "Records referring to, relating to or reflecting the legal

1

services performed by Evan Law Group LLC" are confidential information under Paragraph 1(a) of this Court's Agreed Protective Order, entered on February 3, 2010 (the "Agreed Protective Order"). The financial information of ELG (including client revenue) is also confidential information under this same paragraph.

This is precisely the information contained in these documents. Specifically:

- Plaintiff's Second Amended Responses to Defendant Taylor's Interrogatories contain confidential information concerning the various drives used in ELG's computer systems, and the purposes for which each is used; and ELG's computer backup system, including how and when it functions.

- Plaintiff's Third Amended Responses to Defendant Taylor's Interrogatories contain confidential information concerning the revenue obtained from various ELG clients; the hours spent by ELG attorneys and staff on certain client projects (both those that were billed and those which were not billed as a courtesy to the client); and ELG's computer backup system, including how and when it functions.

- Plaintiff's Fourth Amended Responses to Defendant Taylor's Interrogatories contain confidential information concerning ELG's computer backup system, including how and when it functions.

- Exhibits A-D to Plaintiff's Fourth Amended Responses to Defendant Taylor's Interrogatories, which are lists of the approximately 15,000 documents Taylor copied from his ELG computers and the approximately 165,000 documents Taylor deleted from his ELG computers, contain confidential information concerning various client services; the architecture of ELG's computer systems; how documents are stored under that system; and the file paths assigned to various client and business documents.

- The Declaration of Edward Wassman (ELG's IT Technician) dated July 29, 2010, contains confidential information concerning ELG's internal investigation of Taylor's computer failure, theft of documents, and subsequent departure; the structure and operations of ELG's computer systems; and ELG's computer backup system, including how and when it functions.[1]

ELG has now designated each of these documents as confidential pursuant to Paragraph 4 of the Agreed Protective Order.[2] To protect ELG's confidential information, clients, and business, this information cannot be publicly filed.

### The Declaration of Edward Wassman Contains Privileged and Protected Information

In addition to the confidential information described above, Mr. Wassman's declaration also contains privileged and work-product protected information. In particular, Mr. Wassman (ELG's IT Technician) states in Paragraph 18 that he and Dr. Paul Rauch had conversations concerning ELG's internal investigations into Jonathan Taylor's computer malfeasance. To be clear, ELG does not believe that the conversation described by Mr. Wassman took place, as this contradicts both Dr. Rauch's recollections and ELG's records. The conversation as described, however, is on its face both work-product protected (it concerns work done in anticipation of litigation) and attorney-client privileged (during ELG's internal investigations, Dr. Rauch was acting as counsel for ELG, and any ELG computer consultant would be within the privilege).

This declaration was obtained and filed by counsel for Taylor without ELG's knowledge.

---

[1] ELG does not concede that the factual allegations in the Wassman Declaration (or the opinion testimony also therein) are accurate: many are contradicted by both ELG's records and the recollections of its personnel.

[2] As to Plaintiff's Second Amended Responses to Defendant Taylor's Interrogatories and Plaintiff's Third Amended Responses to Defendant Taylor's Interrogatories, ELG recognizes that it made this designation outside the time period set forth in Paragraph 4. This does not, however, change the fact that these documents contain confidential information.

ELG has not authorized Mr. Wassman to disclose privileged and work-product protected conversations or information of ELG, and does not waive the attorney-client privilege. The fact that ELG does not believe that this conversation took place does not change the fact that if it did, it would be both privileged and work-product protected.

Accordingly, this paragraph of the Wassman Declaration should be stricken. ELG is only asking at this time, however, that the Wassman Declaration be placed under seal to keep it from the public eye.

### Several of These Documents Have Already Been Filed

The Agreed Protective Order, consistent with Local Rule 26.2 of this District, does not permit the parties to file documents under seal without the prior approval of this Court.[3] Unfortunately, this means that several of these documents have already been filed on PACER, as a matter of public record. These documents must thus be retroactively placed under seal in order to protect Evan Law Group's confidential information from public disclosure. Specifically, the following documents have already been publicly filed:

| Document | Filed as Exhibit to | PACER Number |
|---|---|---|
| Plaintiff's Fourth Amended Responses to Defendant's Interrogatories | Defendant's Motion to Compel | 107-7 |
| Declaration of Edward Wassman | Defendant's Motion to Compel | 107-8 |
| Plaintiff's Second Amended Responses to Defendant's Interrogatories | Motion to Set Revised Discovery Schedule | 77-4 |

Thus, to protect the confidential information contained in these documents, they must be retroactively placed under seal.

---

[3] Paragraph 11 of the Agreed Protective Order, which provides for under seal filing after court approval, refers to the filing of "Confidential Attorneys Eyes Only" information, not "Confidential" information. ELG believes that this is an error, as paragraph 12 absolutely prohibits the filing of "Confidential Attorneys Eyes Only" information.

4

**Conclusion**

Accordingly, Plaintiff Evan Law Group moves this Court to permit the parties to file these documents under seal as this case moves forward, and to direct the Clerk to place the previously-filed copies of these items under seal.

Dated: September 10, 2010          Respectfully submitted:

                                  **PLAINTIFF EVAN LAW GROUP LLC**

                                  By:     /s/ Melanie Jo Triebel
                                  One of the Attorneys for Plaintiff Evan Law Group LLC

Melanie Jo Triebel
Rebecca M. Reyes
Evan Law Group LLC
600 West Jackson Boulevard, Suite 625
Chicago, IL 60661
Phone: 312-876-1400
Fax: 978-268-8715
Email: melanie.triebel@evanlawgroup.com
       rebecca.reyes@evanlawgroup.com

## **CERTIFICATE OF SERVICE**

I, Melanie Jo Triebel, hereby certify that on September 10, 2010, I caused a true and correct copy of the foregoing **Motion to Place Documents Under Seal** to be filed with the Clerk of the U.S. District Court for the Northern District of Illinois. This notice and the documents reference herein will be served on all registered ECF users by operation of the Court electronic filing system.

/s/ Melanie Jo Triebel

Melanie Jo Triebel
Evan Law Group LLC
600 West Jackson Boulevard, Suite 625
Chicago, IL 60661
Phone: 312-876-1400
Fax: 978-268-8715
Email: melanie.triebel@evanlawgroup.com