IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVAN LAW GROUP LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 4896 |
| | ) |
| JONATHAN TAYLOR, JONATHAN BLANCHARD, BLANCHARD & ASSOCIATES, and CHI KIU CHAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Evan Law Group, LLC ("Evan Law"), a law firm specializing in patent law, alleges that defendant Jonathan Taylor was formerly employed as a patent agent of Evan Law. In September 2008, Taylor departed Evan Law and began to work for defendant Blanchard & Associates ("B&A"), a competing law firm. Defendant Jonathan Blanchard ("Blanchard") is a former Evan Law partner who departed Evan Law in June 2006 and formed B&A.[1] Defendant Chi Kiu

---

[1] Taylor, Blanchard, and B&A will be referred to jointly as the "Blanchard Defendants."

Chan is a patent attorney presently residing in Hong Kong and practicing in the People's Republic of China.[2] Prior to the formation of Evan Law, Chan, Taylor, and Blanchard worked at the same Illinois law firm. Prior to Taylor's departure from Evan Law, Chan would contract with Evan Law for Evan Law to be the United States patent agent for Chan clients. After Taylor's departure, Chan began transferring this work to B&A. Central to plaintiff's allegations are the contention that, when Taylor left Evan Law, he took confidential computer files as well as copyrighted materials (the "Master Lists") used to represent and counsel patent

---

[2]The original Complaint named only Taylor as a defendant. Plaintiff was subsequently granted leave to file a First Amended Complaint adding the additional defendants. After the Blanchard Defendants moved to dismiss the First Amended Complaint, plaintiff both opposed that motion and moved to file a proposed Second Amended Complaint ("SAC"). Leave is being granted to file the SAC and the Blanchard Defendants' motion to dismiss will be considered as regards the SAC. The facts described in today's ruling are those alleged in the SAC. Counsel brings a motion on behalf of the three Blanchard Defendants, but has not filed appearances on behalf of Blanchard or B&A. Counsel shall promptly file appearances for those defendants. *See* N.D. Ill. L.R. 83.16(e). Also, there is no indication that plaintiff has made any attempt to serve Chan. Since Chan apparently resides in a foreign jurisdiction, the 120-day limitation of Fed. R. Civ. P. 4(m) does not apply. Plaintiff, however, still must diligently serve Chan. *Pabst Licensing GmbH & Co. KG v. Sunonwealth Elec. Mach. Indus. Co.*, 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004); *Parker v. Cincinnati, Inc.*, 2009 WL 3585770 *1 (C.D. Ill. Oct. 26, 2009). If prompt action has not been taken to serve Chan, the claims against him will be dismissed at the time of the next status hearing. Presently, to the extent applicable, any argument raised by the Blanchard Defendants will also be considered as applying to the claims against Chan.

clients. The Blanchard Defendants allegedly have used these files to take clients away from Evan Law and to attract and serve patent clients.

The SAC contains 12 counts denominated as follows: (I) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, against Taylor only; (II) violation of the Illinois Computer Crime Prevention Law ("ICCPL"), 720 ILCS 5/16D-3, against Taylor only; (III) copyright infringement against the Blanchard Defendants; (IV) unfair competition/misappropriation against the Blanchard Defendants; (V) participation in racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964(c), against Taylor and Blanchard; (VI) conspiracy to engage in a pattern of racketeering activity in violation of RICO, 18 U.S.C. §§ 1962(d), 1964(c), against Taylor and Blanchard;[3] (VII) breach of the employment contract between Taylor and Evan Law against Taylor; (VIII) breach of fiduciary duty against Taylor;[4] (IX) tortious interference with contracts against all defendants; (X) tortious interference with business relationships against all defendants; (XI) civil conspiracy against all defendants; and (XII) unjust enrichment against

---

[3]As to the Count V and VI RICO claims, B&A is alleged to be the RICO enterprise with which Taylor and Blanchard associated.

[4]Counts VII and VIII are stated as alternative allegations.

the Blanchard Defendants. Plaintiff relies on supplemental jurisdiction over the state law claims; there is no contention that complete diversity of citizenship is satisfied.

The Blanchard Defendants have moved to dismiss all counts except Count I. Defendants concede a violation of the CFAA is adequately alleged and that plaintiff has adequately alleged the existence of copyrighted material. Defendants contend the elements of the other federal claims are not sufficiently alleged to satisfy the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny, or, to the extent applicable, the requirements of Fed. R. Civ. P. 9(b). As to the state law claims, defendants contends they are inadequately pleaded, preempted, and/or dismissible as duplicative. Defendants also contend the court should decline to exercise supplemental jurisdiction over the state law claims because they would predominate.[5] The Supreme Court

---

[5]Plaintiff objects that some of defendants' arguments are raised or developed for the first time in their reply. Since plaintiff was granted leave to file a surreply, however, plaintiff has had the opportunity to respond to all of defendants' contentions and therefore has not been prejudiced. No argument will be treated as waived because raised for the first time in defendants' reply. *See Flory v. Mays*, 2007 WL 4232781 *3 (N.D. Ill. Nov. 26, 2007); *Thomas v. Exxon Mobil Oil Corp.*, 2007 WL 489225 *3 (N.D. Ind. Feb. 8, 2007), *objections to mag. j. report denied*, 2007 WL 1035159 (N.D. Ind. April 2, 2007); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 336 n.2 (N.D. Ill. 2006).

recently summarized the pleading standard applicable to Rule 12(b)(6) motions to dismiss for which Rule 9(b) is inapplicable.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than

> the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

The Seventh Circuit applies a type of sliding scale approach to plausibility. The more complex and less straightforward the case and the more costly potential discovery, the more detail that will be required to satisfy the plausibility requirement. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008); *Limestone Dev., Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Swanson*, 614 F.3d at 404. "[I]n many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden [of stating a claim] than it was before the [Supreme] Court's recent decisions." *Id.*

Defendants contend that plaintiff has failed to allege the necessary elements of the Count III copyright claim. The basic elements of a copyright infringement claim are "(1) ownership of a valid copyright, and (2) copying of

constituent elements of the work that are original." *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). *Accord Edgenet, Inc. v. GS1 AISBL*, ___ F. Supp. 2d ___, 2010 WL 3812798 *14 (E.D. Wis. Sept. 27, 2010) (quoting *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007)).

Defendants contend use and distribution of the Master Lists have not been adequately alleged. Defendants do not dispute that ownership of a valid copyright in the Master Lists is adequately alleged nor do they dispute that it is adequately alleged that Taylor used portable electronic storage devices to copy the pertinent files from Evan Law's computers. The general content of the Master Lists is alleged as well as how they can be used and the benefits of use as regards providing legal representation for patent clients. It is further alleged that defendants have used the contents of the materials when soliciting clients and for providing services to clients. To the extent use is a necessary aspect of the copying element of plaintiff's infringement claim, it has been adequately alleged. *Cf. Edgenet*, ___ F. Supp. 2d at ___, 2010 WL 3812798 at *15-16. Since plaintiff's claim is not based on public distribution, it is unnecessary for plaintiff to also allege distribution.

Blanchard and B&A also contend that vicarious infringement is not adequately alleged. "[T]o state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant: (1) at all material times possessed the right and ability to supervise the infringing activity; and (2) has a direct financial interest in the infringer's activity." *Century Consultants, Ltd. v. Miller Group, Inc.*, 2008 WL 345541 *8 (C.D. Ill. Feb. 7, 2008) (quoting *QSRSoft, Inc. v. Restaurant Tech., Inc.*, 2006 WL 3196928 *4 (N.D. Ill. Nov. 2, 2006)). Plaintiff has alleged that Taylor was employed by B&A and that Blanchard is B&A's principal, and has also alleged that the Master Lists are being used to benefit B&A's legal business. Vicarious infringement is adequately alleged. No aspect of Count III will be dismissed.

Counts V and VI are federal RICO claims. Defendants contend a pattern of racketeering activity is not sufficiently alleged. As to Count VI, defendants also contend a conspiracy has not been adequately alleged. By its language, the particularity requirement of Fed. R. Civ. P. 9(b) is limited to the "circumstances constituting fraud." *See Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999); *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.4 (2d Cir. 1990); *Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 898 (N.D. Ill. 2009); *Guar. Residential Lending*

*Inc. v. Int'l Mortg. Ctr. Inc.*, 305 F. Supp. 2d 846, 853 (N.D. Ill. 2004). The predicate acts and pattern of racketeering activity essential to a fraud-based RICO claim must be alleged with sufficient particularity. *See Santana v. Cook County Bd. of Review*, ___ F.R.D. ___, 2010 WL 3937483 *1 (N.D. Ill. Oct. 6, 2010); *Shirley v. Jed Capital, LLC*, ___ F. Supp. 2d ___, 2010 WL 2721855 *6 (N.D. Ill. July 8, 2010); *Suburban Buick, Inc. v. Gargo*, 2009 WL 1543709 *4 (N.D. Ill. May 29, 2009). Where a conspiracy to commit fraud is alleged, the conspiracy itself generally need not be alleged with particularity. *See Hecht*, 897 F.2d at 26 n.4; *Rowe v. Bankers Life & Cas. Co.*, 2010 WL 3699928 *3 (N.D. Ill. Sept. 13, 2010); *Perlman v. Zell*, 938 F. Supp. 1327, 1348-49 (N.D. Ill. 1996), *aff'd*, 185 F.3d 850 (7th Cir. 1999). However, where the same circumstances establish both the fraud and an otherwise independent basis for liability, both must be alleged with particularity. *See* Lachmund, 191 F.3d at 783; *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007); *Residential Lending*, 305 F. Supp. 2d at 853-54.

Plaintiff generally alleges the fraudulent predicate acts with sufficient particularity. *See* SAC ¶¶ 21-35, 48-52, 69.[6] But even assuming the predicate acts

---

[6]The predicate act of willful copyright infringement is not based on fraud and therefore need not be pleaded with particularity. In support of its

and a conspiratorial agreement are alleged with sufficient particularity, plaintiff fails to sufficiently allege a pattern of racketeering activity. To establish a pattern of racketeering activity, plaintiff must allege facts showing continued criminal activity or the threat thereof, including a relationship between the predicate acts commonly referred to as the "continuity plus relationship" test. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 672 (7th Cir. 2005); *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, ___, 2010 WL 2403031 *9 (N.D. Ill. June 14, 2010); *Bentle v. Butler*, 2008 WL 323426 *5 (S.D. Ind. Jan. 4, 2008). In the present case, plaintiff must rely on "an open-ended series of conduct that, while short-lived, shows clear signs of threatening to continue into the future." *Whitmore*, 424 F.3d at 673. "A plaintiff can demonstrate open-ended continuity by showing one of three things: '(1) "a specific threat of repetition" exists; (2) "the predicates are a regular way of conducting an ongoing legitimate business," or (3) "the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes."'" *Bentle*, 2010 WL 323426 at *5 (quoting *Vicom, Inc. v. Harbridge Merch. Servs.*,

---

allegations of mail and wire fraud, plaintiff generally fails to identify the mailings and wires with particularity.

*Inc.*, 20 F.3d 771, 782 (7th Cir. 1994) (quoting *H.J. Inc. v. Nw. Bell Tele. Co.*, 492 U.S. 229, 242-43 (1989))). Continuity is analyzed

> under a multifactor test, in which we consider (1) the number and variety of predicate acts and the length of time over which they were committed, (2) the number of victims, (3) the presence of separate schemes, and (4) the occurrence of distinct injuries. *See Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986). No one factor is dispositive of a claim. *Olive Can Co. v. Martin*, 906 F.2d 1147, 1151 (7th Cir. 1990). Rather, our analysis of the continuity prong is fact-specific and undertaken with the goal of achieving a "natural and commonsense" result, consistent with Congress's concern with long-term criminal conduct. *See id.*; *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 780 (7th Cir. 1994) (citations omitted); *Sutherland [v. O'Malley]*, 882 F.2d [1196,] 1204 [(7th Cir. 1989)].

*Whitmore*, 424 F.3d at 673.

Here, plaintiff is the only victim of defendants' purported racketeering pattern. While plaintiff alleges multiple statutory violations, there is one key wrongful act, Taylor taking computer files from plaintiff. Any additional misrepresentations to clients concern defendants' rights to use the information taken from plaintiff and a related misrepresentation to the Patent and Trademark Office regarding who was representing particular clients. While plaintiff can dress up its allegations as multiple violations, plaintiff alleges a single, relatively narrow scheme. Plaintiff does allege that defendants have used the information to solicit

and provide services for a number of clients. That, however, does not change the overall character of there being a limited number of files taken during a limited time period and from a single source. Even if defendants continue to use the files to serve or solicit clients, there is no allegation from which it can be inferred that defendants can be expected to engage in further taking of files, from plaintiff or any other victim. It is the taking of the files that is the central wrongdoing. Plaintiff's allegations do not show a pattern of racketeering activity. Counts V and VI will be dismissed.

Defendants contend all the state law claims should be dismissed because the eight state law claims are likely to predominate over the two remaining federal claims. *See* 28 U.S.C. § 1367(c)(2). That contention, however, is inconsistent with defendants' contention that the state law claims are generally duplicative of the federal claims. The state law claims generally involve the same facts and discovery as the federal claims, just different legal theories. With Count VI dismissed, the federal claims no longer include a claim of conspiracy. Discovery that goes only to the existence of a conspiratorial agreement is limited. Moreover, any joint and concerted activities on the part of defendants are likely to be relevant (for discovery if not trial) to the federal copyright claim that is brought against all the Blanchard Defendants. The state law claims against the Blanchard Defendants

will not be dismissed based on predominance. *Cf. Lang v. DirecTV, Inc.*, ___ F. Supp. 2d ___, 2010 WL 3211081 *3 (E.D. La. Aug. 13, 2010); *Baldwin v. Jarrett Bay Yacht Sales, LLC*, 683 F. Supp. 2d 385, 394 (E.D.N.C. 2009); *Printing Indus. of Ill. Emp't Benefit Trust v. Timely Press*, 2001 WL 303546 *3-4 (N.D. Ill. March 27, 2001).

The claims against supplemental party Chan will involve proof of Chan's liability, which is not an issue in the federal claims. But that is true of all supplemental parties, yet supplemental party jurisdiction is permitted. *See* 28 U.S.C. § 1367(a). The claims against Chan are based on facts that are otherwise before the court on the federal claims. No state claim predominates such that it would be inappropriate to exercise supplemental jurisdiction.

Defendants also contend the state law claims should be dismissed because inadequately pleaded, preempted, and/or duplicative. As to the Count II ICCPL claim, defendant Taylor contends it is preempted by the CFAA or dismissible as duplicative. Citing *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010), defendant contends duplicative claims should be dismissed unless pleaded in the alternative. *DeGeer* involved only state law claims. It rests on state cases, but also cites two federal cases involving duplicative state law claims. The court presently declines to consider whether this rule applies in federal court to

potentially duplicative federal and state claims nor will it presently be considered whether Counts I and II have the same elements and both federal and state law provide identical relief. Nevertheless, prior to any trial, if not prior to any summary judgment motion, plaintiff shall exercise prudence and drop claims so as not to unnecessarily confuse the jury nor require rulings on unnecessary and duplicative claims. It would not benefit either side to present so many similar and overlapping claims that the jury is overburdened and confused. As to Taylor's preemption contention, he cites no law and provides no argument as to the preemptive effect of the CFAA. The preemption contention also will not be addressed. Count II will not presently be dismissed.

As to the Count IV unfair competition claim, defendants contend it is duplicative and fails to satisfy the *Twombly* pleading standard, including by failing to identify how defendants are unfairly competing today or how the Master Lists aid defendants in obtaining clients. Again, the court will not presently address the duplicative contention. As to purported pleading deficiencies, defendants fail to cite law as to the elements of an unfair competition claim nor identify the elements that plaintiff fails to allege.

In Count IV, plaintiff seeks monetary damages and injunctive relief. Failure to allege an existing violation would not be a basis for dismissing the

damages claims. To the extent plaintiff must allege how the Master Lists were used, plaintiff's allegations to that effect are sufficient. Count IV will not be dismissed.

Count VII is a contract claim against Taylor. Defendant complains the allegations are ambiguous as to whether the contract is written or not and plaintiff should be required to attach a copy of any written employment contract. Defendant further contends that the contract terms alleged in the SAC are not implied terms of an at-will employment contract.[7] It is alleged that Taylor and Evan Law entered into an agreement when Taylor was hired in 2005 and that it "included an employment letter dated Jan. 4, 2005, as well as supplemental oral agreements." SAC ¶ 77. Various terms of the agreement are recited in the SAC. *Id.* ¶¶ 77-79. As defendant concedes, there is no federal pleading requirement that a written contract be appended to a complaint nor is there any requirement that it be directly quoted. *In re Ameriquest Mortg. Co. Mortg. Lending Pracs. Litig.*, 2010 WL 290493 *4 (N.D. Ill. Jan. 19, 2010). If defendant wants to show that any written contract is other than alleged in the SAC, the employment letter and any other written agreement is central to Count VII and therefore would have been

---

[7]Defendant's contention that Count VII is duplicative will not be considered.

considered on defendant's motion to dismiss if defendant had provided it as an exhibit to the motion to dismiss. *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1141 (2010). In any event, to the extent the alleged terms were contained in an oral agreement, defendant makes no argument that, as a matter of law, the terms could not have been included in an oral agreement. The terms alleged to be in Taylor's employment agreement are plausible and, on defendants' motion to dismiss, must be assumed to have been included in Taylor's employment agreement. Plaintiff is not relying on those terms simply being implicit in an employment contract. Count VII will not be dismissed.

The Count VIII breach of fiduciary duty claim is pleaded in the alternative and is supported by sufficient facts to make it plausible and not speculative. Count VIII will not be dismissed. The Count IX tortious interference with contracts claim is supported by sufficient plausible facts and will not be dismissed. Additionally, defendants fail to cite any legal authority regarding a fiduciary duty or tortious interference with contracts claim, nor do they identify the elements of such claims. Neither this court nor defendants' opponent are required to perform legal research for defendants nor is the court required to construct legal arguments for defendants. *Judge v. Quinn*, 612 F.3d 537, 557

(7th Cir. 2010); *United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *In re Maurice*, 21 F.3d 767, 774 (7th Cir. 1994); *Bilal v. Wolf*, 2009 WL 2355465 *1 (N.D. Ill. July 28, 2009); *Hodge v. United States*, 2009 WL 1209061 *1 (S.D. Ill. April 30, 2009).

Count X is a tortious interference with business relationships claim. Defendants contend this claim fails because plaintiff does not allege a reasonable expectation of entering into a valid business relationship. *Botvinick v. Rush Univ. Med. Ctr.*, 574 F.3d 414, 417 (7th Cir. 2009); *Custom Blending & Packaging of St. Louis, LLC v. Moser*, 2010 WL 4736502 *5 (S.D. Ill. Nov 16, 2010); *James v. Intercontinental Hotels Group Res., Inc.*, 2010 WL 529444 *3 (N.D. Ill. Feb. 10, 2010). Defendants contend this element is not satisfied because the SAC refers only to existing clients, not any new clients that could have reasonably been expected to ripen into a business relationship. However, it is sufficient that plaintiff has a reasonable expectation of engaging in further business with an existing client. *See Sys. Dev. Integration LLC v. Computer Scis. Corp.*, ___ F. Supp. 2d ___, 2010 WL 3699978 *15-16 (N.D. Ill. Sept. 13, 2010); *James*, 2010 WL 529444 at *4; *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 971 (N.D. Ill. 2007). It may reasonably and plausibly be inferred from plaintiff's allegations that it had an expectation of doing further business with the

existing clients that defendants allegedly prevented. Count X will not be dismissed.

Count XI is a conspiracy claim against all defendants. The state law claims are not based on fraud. Rule 9(b) does not apply to a conspiracy claim that is not based on fraud. *See Borsellino*, 477 F.3d at 507. But even prior to *Twombly*, the Seventh Circuit had held that allegations of a conspiracy required more than bare pleadings so as to give defendants fair notice. *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006). A conspiracy allegation must include allegations as to the parties, the general purpose, and the approximate date of the conspiracy. *Id.* at 443. Plaintiff does allege such facts. The allegations of the Complaint are sufficient to meet the fair notice and plausibility requirements of *Twombly* and its progeny. Plaintiff adequately alleges a relatively narrow conspiracy between Taylor and co-conspirators to act in concert to take away business from plaintiff by using information Taylor obtained in his prior relationship. *Cf. Muczynski v. Lieblick*, 2010 WL 3328203 *5 (N.D. Ill. Aug. 19, 2010). Count XI will not be dismissed.

Defendants contend the Count XII unjust enrichment claim is preempted by the Copyright Act. The Copyright Act preempts rights, including state common law remedies, that are equivalent to an exclusive right within the general

scope of copyright as specified in federal copyright law. 17 U.S.C. § 301; *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 909-10 (7th Cir. 2005); *Edgenet*, ___ F. Supp. 2d at ___, 2010 WL 3812798 at *22-23; *Stephen & Hayes Constr., Inc. v. Meadowbrook Homes, Inc.*, 988 F. Supp. 1194, 1197, 1200-01 (N.D. Ill. 1998). Plaintiff's only response to this contention is that the unjust enrichment claim is based on documents in addition to the copyrighted Master Lists. Count XII will be dismissed to the extent it is based on the Master Lists.

This case was originally assigned to a different judge of this court who set a discovery completion date of August 31, 2010 and then referred the supervision of discovery to the assigned magistrate judge. On June 11, 2010, the magistrate judge extended the discovery closing date to September 30, 2010, but limited discovery to the original complaint. No further order has extended the discovery closing date, but discovery apparently has continued as shown by the numerous discovery issues raised before the magistrate judge. The court now orders that all discovery as to the remaining claims of the SAC be completed by January 31, 2011. If defendant Chan is properly joined and appears in this case, it will be considered whether he should be entitled to further discovery. Otherwise, the case will be dismissed as to Chan for want of service.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file its Second Amended Complaint [94] is granted. Defendants' motion to dismiss [72] is granted in part and denied in part. Counts V and VI are dismissed in their entirety and Count XII is dismissed to the extent it is based on the Completed Master Lists. Within 14 days, defendants (except Chan) shall answer the remaining allegations of the Second Amended Complaint. Counsel shall promptly file appearances on behalf of defendants Jonathan Blanchard and Blanchard & Associates. All discovery is to be completed by January 31, 2011. A status hearing will be held before Judge Hart on January 6, 2011 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 9, 2010