# United States District Court, Northern District of Illinois

*MHN*

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4896 | **DATE** | 1/20/2011 |
| **CASE TITLE** | Evan Law Group LLC vs. Taylor | | |

## DOCKET ENTRY TEXT

After reviewing *in camera* the three emails that were subject to dispute, the Court orders Defendant to produce them to Plaintiff, as discussed below. *AK*

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Defendant Jonathan Taylor provided to the Court for *in camera* inspection, three emails which he alleges are protected by the attorney-client privilege.

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)(citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* In determining whether the privilege applies to communications, the Seventh Circuit has adopted the following test:

(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997); *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991). "[B]ecause the privilege is in derogation of the search for the truth, it is construed narrowly." *Evans*, 113 F.3d at 1461. And "protects only those disclosures – necessary to obtain informed legal advice – which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976). Indeed, "only if [the communications] constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence," will the privilege attach. *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990).

Documents JPT001197, JPT001198, JPT001199 are emails sent by Defendant Taylor to Jonathan

## STATEMENT

Blanchard and Rick Clark. The Court acknowledges that Messrs. Blanchard and Clark are both attorneys. Though the recipients of the communications are attorneys, however, Defendant has failed to show that he sought legal advice from either of them in their capacity as such. They certainly do not contain any legal advice. To be sure, Mr. Taylor himself, though not a lawyer, drafted the resignation letter attached to JPT001199, emailed it to both attorneys, and simply asked if they had any comment on the letter. It does not appear as though either attorney did, as the exact letter was used by Mr. Taylor to resign from his position with Plaintiff. This is hardly the type of communication that the privilege was designed to protect, and to shield the emails from disclosure would stretch the privilege far beyond its intended limits. Further, the Court notes that the resignation letter attached to JPT001199 has already been provided to Plaintiff. *See* Resp. to Pl.'s Mot. to Compel ECF No. 145-1. Therefore, JPT001199 must be disclosed to Plaintiff.

Defendant is also ordered to produce to Plaintiff, copies of JPT001197 and JPT001198. These emails contain nothing that would serve as a basis for the claim of privilege. Rather, they include discussion of Mr. Taylor's forecasted and actual final work day.

The Court, therefore, orders Defendant to produce to Plaintiff, documents JPT001197, JPT001198, and JPT001199 within three days of the entry of this order.